SAMUEL H. LANTERMAN and others

*v.*

THE BLAIRSTOWN RAILWAY COMPANY.

Where a railroad company, with the consent of the devisee for life and the trustee in possession of the property, having made compensation to them for their interest, had entered upon lands for the construction of their road, and had almost completed it, an injunction sought by certain persons claiming to be remaindermen, but whose claim was disputed, was denied, it appearing that the conduct of the railroad company had been *bona fide* and with due regard to the interests of all the parties.

Bill for injunction. On order to show cause why an injunction should not be issued. On bill and answer and affidavits.

*Mr. J. M. Robeson,* for complainants.

*Mr. J. G. Shipman,* for defendants.

1

THE CHANCELLOR.

Joseph R. Dilts, late of the county of Warren, deceased, died seized of a farm in that county. By his will he gave to each of his two half-sisters one-half of the rents of that property until her death or marriage, and constituted his executor trustee of the farm, to collect and pay over the rents accordingly. He provided that on their death or marriage, the property should go to the three sons of William Ribble. He had two sisters of the whole blood—Isabella, wife of William Lanterman, and Rachel, wife of Peter Lanterman. To each of them he gave $25, to be equally divided between her children. The will contains the following clause : " Also, it is my will that none of my *rale* estate should never be deeded, leased, nor bargained in no wise so that Peter Lanterman or William Lanterman, my two brothers-in-law which was married to my two sisters, namely, Isabella and Rachel, nor any of their of law." The farm, except so much of it as is occupied by the defendants for their road, by the license of Sarah Dilts, one of the testator's half-sisters (the other is dead), and the administrator *cum testamento annexo*, is in the hands of the administrator, as trustee. The three sons of William Ribble died in the testator's lifetime, as did also the testator's sisters, Isabella and Rachel. The defendants, having located their railroad over the farm, took possession of so much as was required for their road, under an agreement with Sarah Dilts (the other half sister was then dead), approved and ratified by the administrator. By that agreement they agreed to pay, for the lifetime of Sarah Dilts, the interest on a valuation of the land taken for the road, at $70 an acre, of which price $50 were understood to be for the value of the land, and the rest for damages. The defendants have power to condemn the land, but no proceedings for condemnation have been taken. They, subsequently to the making of the above mentioned agreement, obtained the consent of certain of the children of William and Peter

Lanterman, not including the complainants, who are two of the children of the latter.

The complainants claim that by the death of the sons of William Ribble in the lifetime of the testator, the devise to them lapsed, and that on the testator's death the farm descended to the children of William and Peter Lanterman, subject to the gift of the rents to the testator's half-sisters. The defendants and the heirs of the sons of William Ribble, on·the other hand, insist that there is in the residuary clause of the will evidence of an intention to substitute the heirs of the sons of William Ribble in the devise thereby made, in the event of the death of those sons in the lifetime of the testator. They also insist that by the will the children of William and Peter Lanterman are excluded from inheriting.

I do not deem it necessary to consider these questions in disposing of this application. The defendants entered into possession with the consent of Sarah Dilts and the administrator, and, as before stated, subsequently obtained the consent of some of the children of William and Peter Lanterman. The consideration of this latter consent is that damages shall be assessed (unless the amount fixed in the agreement with Sarah Dilts should be satisfactory) and paid to the heirs, when it shall have been judicially ascertained who the heirs are.

It appears by the answer that the defendants had, when the bill was filed, constructed the greater part of their roadbed on the premises; all that remained to be done being the building of a culvert, twelve feet long and five feet high, over a small water-course, and filling in the dirt upon it. They also proposed to move the barn from the land taken by them to another part of the farm designated by the administrator. They took possession in good faith, under the consent and approval before mentioned. There appears to be no reason to doubt the fairness of their conduct. While they question the right of the complainants, they now tender themselves ready to deposit in this court, if

required to do so, a sum sufficient to compensate the former for all the interest they may have in the property. The complainants' title is questioned by the heirs of the sons of William Ribble. Under the circumstances, equity will not prevent the defendants from completing and using their road on the land. *Erie Railway Co.* v. *Del. Lack. & West. R. R. Co.*, 6 *C. E. Gr.* 283; *Pickert* v. *Ridgefield Park R. R. Co.*, 10 *C. E. Gr.* 316; *Carnochan* v. *Norwich and Spalding R. Co.*, 26 *Beav.* 169; *Parks* v. *Great Wycombe R. Co.*, 8 *Jur. N. S.* 251; *Deere* v. *Guest*, 1 *M. & C.* 516; *Wood* v. *Charing Cross R. Co.*, 33 *Beav.* 290; *Langford* v. *Brighton, &c. R. Co.*, 4 *Railw. and Can. Cases* 69.

The amount of land taken by the defendants is four acres and forty one-hundredths of an acre. The interest claimed by the complainants therein is one-twentieth (in remainder) to each of them. The valuation for the land and damages agreed upon between the defendants and Sarah Dilts and the administrator is $308. If that be just, the value of the interest of each of the complainants in the property in question and the damages would, if they were entitled to present enjoyment, be about $15. That valuation, however, may be far too low. I am not called to pass upon it. If there be indeed a question as to the complainants' right to any interest in the property, it would be unjust to the defendants to compel them, by force of the interdict of this court, to make terms with the complainants. The injury to the inheritance by excavation or filling had already been done when the bill was filed.

The order to show cause will be discharged, but without costs.